PER CURIAM.
We affirm the judgment and sentence and the order of community control in this Anders[1] appeal, but we strike the special condition which required Charlotte Ann Davidson to pay a public defender’s fee of $100.00. The trial court failed to apprise her of the right to challenge the amount as required by Florida Rule of Criminal Procedure 3.720(d)(1). We remand so the trial court can reconsider the imposition of the fee after compliance with Rule 3.720(d)(1). Allmond v. State, 668 So.2d 1120 (Fla. 5th DCA 1996); Andrews v. State, 660 So.2d 394 (Fla. 5th DCA 1995).
Davidson also argues that her plea was not intelligently and voluntarily entered because she was under the influence of psychotropic medication when she entered the plea. This argument is not cognizable on appeal because Davidson did not file a motion to withdraw her plea in the trial court. Byrd v. State, 419 So.2d 725 (Fla. 5th DCA 1982); Fla. R.App. P. 9.140(b). Further, her allegations are unsworn. Davidson may allege involuntariness of plea in a properly sworn Rule 3.850 motion filed in the trial court.
Judgment and Sentence AFFIRMED; Public Defender fee STRICKEN; REMANDED.
DAUKSCH, THOMPSON and ANTOON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).